# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| RANDAL N. WIIDEMAN, | ) | |
| Plaintiff, | ) | 3:11-cv-00266-ECR-VPC |
| vs. | ) | |
| | ) | **ORDER** |
| STATE OF NEVADA, *et al.*, | ) | |
| Defendants. | ) | |

This is a closed *pro se* prisoner civil rights action. By order filed April 20, 2011, this action was dismissed. (ECF No. 3). Judgment was entered on April 21, 2011. (ECF No. 4). On May 2, 2011, plaintiff filed a motion for reconsideration of the April 20, 2011 order, pursuant to Rule 59(e) and 60(b) of the Federal Rules of Civil Procedure. (ECF No. 6).

Where a ruling has resulted in final judgment or order, a motion for reconsideration may be construed either as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment pursuant to Federal Rule 60(b). *School Dist. No. 1J Multnomah County v. AC&S, Inc*., 5 F.3d 1255, 1262 (9th Cir. 1993), *cert. denied* 512 U.S. 1236 (1994). Under Fed. R. Civ. P. 60(b) the court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Motions to reconsider are generally left to the discretion of the trial court. *See Combs v. Nick Garin Trucking,* 825 F.2d 437, 441 (D.C. Cir. 1987). In order to succeed on a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See Kern-Tulare Water Dist. v. City of Bakersfield,* 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds* 828 F.2d 514 (9th Cir. 1987). Rule 59(e) of the Federal Rules of Civil Procedure provides that any "motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment." Furthermore, a motion under Fed. R. Civ. P. 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Herbst v. Cook,* 260 F.3d 1039, 1044 (9th Cir. 2001), *quoting McDowell v. Calderon,* 197 F.3d 1253, 1255 (9th Cir. 1999). Federal courts have determined that there are four grounds for granting a Rule 59(e) motion: (1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; (2) the moving party presents newly discovered or previously unavailable evidence; (3) the motion is necessary to prevent manifest injustice; or (4) there is an intervening change in controlling law. *Turner v. Burlington Northern Santa Fe R. Co.*, 338 F.3d 1058 (9th Cir. 2003).

In the instant case, this Court properly entered judgment dismissing this action in the order filed April 20, 2011. (ECF No. 3). In his motion for reconsideration, plaintiff has not identified any intervening change in controlling law, and has not shown that manifest injustice resulted from dismissal of the action. Plaintiff also has not presented newly discovered or previously unavailable

evidence. Plaintiff has failed to make an adequate showing under Rule 59(e) or Rule 60(b) to justify granting his motion to vacate judgment.

**IT IS THEREFORE ORDERED** that plaintiff's motion for reconsideration (ECF No. 6) of the April 20, 2011 order is **DENIED.**

**IT IS FURTHER ORDERED** that plaintiff's motions at ECF No. 5 and ECF No. 7 are **DENIED.**

**IT IS FURTHER ORDERED that plaintiff shall file no further documents in this action. The Clerk of Court SHALL RETURN to plaintiff, UNFILED, any further documents submitted in this closed case.**

Dated this _17th_ day of May, 2011.

*Edward C. Reed.*
UNITED STATES DISTRICT JUDGE

3